## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

DISABILITY RIGHTS NEW YORK,    )
     )
    Plaintiff,    )
     )    **COMPLAINT**
    v.    )
     )
NEW YORK STATE DEPARTMENT OF    )    Case No.  1:18-CV-980 [GTS/CFH]
CORRECTIONS AND COMMUNITY    )
SUPERVISION, and ANTHONY J.    )
ANNUCCI, in his official capacity as the    )
Acting Commissioner of the New York    )
State Department of Corrections and    )
Community Supervision,    )
     )
     )
    Defendants.    )

## INTRODUCTION

1.    Plaintiff Disability Rights New York ("DRNY"), the federally designated Protection and Advocacy system in the State of New York, brings this action to enforce its rights under federal law to access records pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. § 15041 *et seq.*; the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. § 10801 *et seq.*; Protection and Advocacy of Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e; and the Protection and Advocacy for Assistive Technology Act of 2004 ("PAAT Act"), 29 U.S.C.A  § 3001 et seq. (collectively, "P&A Acts")

2.    DRNY brings this action to enforce its authority under the P&A Acts to obtain records of those incarcerated individuals who have alleged abuse and neglect or rights violations and requested DRNY's assistance.

3.      Defendants New York State Department of Corrections and Community Supervision ("DOCCS") and Anthony J. Annucci have denied or delayed access to the records of 32 inmates being held in correctional facilities operated by Defendants and the records of one inmate who died while in the custody of Defendants.

4.      Defendants' actions interfere with DRNY's federal mandate to protect people with disabilities in New York State, investigate allegations of abuse and neglect, and provide legal advocacy.

5.      DRNY brings this action for declaratory and injunctive relief to obtain access to records.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.      Plaintiff's cause of action arises under the PAIMI Act, 42 U.S.C. § 10801 *et seq.*; DD Act, 42 U.S.C. § 15041 *et seq.*; PAIR Act, 29 U.S.C. § 794e; PAAT Act, 29 U.S.C.A § 3001 *et seq.* and 42 U.S.C. § 1983.

8.      This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201 and § 2202.

9.      Venue is proper in the Northern District of New York under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims in this lawsuit occurred in this District.

## PARTIES

### a. Plaintiff

10.      Disability Advocates, Inc. is an independent non-profit corporation organized under the laws of the State of New York.

11. Disability Advocates, Inc. does business and files this Complaint under the name Disability Rights New York.

12. At all times relevant to this action, DRNY has been and is the statewide Protection and Advocacy ("P&A") agency designated by the Governor of the State of New York to protect and advocate for persons with disabilities.

13. DRNY is a part of a nationwide network of disability rights agencies authorized to (1) investigate incidents of abuse and neglect of persons with disabilities; (2) pursue administrative, legal, and other appropriate remedies on their behalf; and (3) provide information and referrals relating to programs and services addressing the needs of persons with disabilities.

14. DRNY has authority under federal law to gain broad access to facilities, individuals, and their records in order to detect, investigate, and prevent abuse and neglect or rights violations of individuals with disabilities.

15. DRNY is allotted federal funds pursuant to PAIMI Act, the DD Act, PAIR Act and PAAT Act and is thereby obligated to similarly provide protection and advocacy for persons with mental illness, developmental disabilities, and individuals with disabilities who are not eligible under the PAIMI Act or the DD Act.

**b. Defendants**

16. Defendant DOCCS is established pursuant to New York Correction Law § 70.

17. Defendant DOCCS is located at The Harriman State Campus, Building 2, 1220 Washington Avenue, Albany, New York 12226.

18. Defendant Anthony J. Annucci is the Acting Commissioner of DOCCS.

19. Annucci is responsible for the operation and administration of DOCCS. New York Correction Law § 70(3)(a) and § 70(7)-(8).

20.     Annucci maintains offices at The Harriman State Campus, Building 2, 1220 Washington Avenue, Albany, New York 12226.

21.     Defendants manage and operate correctional facilities in New York State.

22.     Defendants' correctional facilities are "facilities" as defined in the PAIMI Act. 42 U.S.C. § 10802(3).

23.     Defendants' correctional facilities are "service providers" under the DD Act and PAIR Act because they are locations where services, supports, and other assistance are provided to persons with disabilities.  42 U.S.C. § 15043(a)(2)(H); 29 U.S.C. § 794e(f)(2).

24.     Defendants' correctional facilities are "locations" under the DD Act as their facilities provide services, supports, and other assistance to individuals with disabilities, including the individuals who are referred to in this Complaint. 42 U.S.C. § 15043(a)(2)(H).

25.     Defendant DOCCS confines inmates with disabilities in its correctional facilities.

26.     Inmates in the custody of DOCCS receive care, treatment, services, supports, and habilitation including, but not limited to: screening, evaluation, counseling, behavioral therapies, medication treatment and supervision, assistive devices, and special education services.

## FACTS

### a. Relevant Statutes and Regulations

27.     DRNY is authorized to access the records of inmates with disabilities pursuant to the P&A Acts. 42 U.S.C. § 15043(a) and 45 C.F.R. § 1326.25; 42 U.S.C. § 10805(a) and 42 C.F.R. § 51.41; 29 U.S.C. § 794e(f)(2); and 29 U.S.C. § 3002(12)(A).

28.     The P&A Acts authorize DRNY to access records of persons with disabilities and records maintained by facilities that serve individuals with disabilities.

29.     DRNY is entitled to access draft and final documents, including handwritten notes, electronic files, photographs, or video or audio tape records.

30.     Under the DD Act, DRNY must be granted access to requested records within three business days of making a request. 42 U.S.C. § 15043(a) and 45 C.F.R. § 1326.25.

31.     Under the PAIMI Act, Defendants are required to promptly provide DRNY with access to records pursuant to 42 C.F.R. § 51.41(a).

32.     Under the DD Act, if DRNY's access to records is delayed or denied, DOCCS must provide DRNY with a written statement of reason(s) for the delay or denial within one day after the expiration of the deadline for access. 45 C.F.R. § 1326.26.

33.     Under the PAIMI Act, if DRNY's access to records is delayed or denied, DOCCS must provide DRNY with a written statement of reason(s) for the delay or denial promptly after the expiration of the deadline for access. 42 C.F.R § 51.43.

### b. Denial of Records

### P&A Records Request Regarding Deceased Inmate A[1]

34.     On January 19, 2016, DRNY received a complaint alleging abuse and neglect in the death of Inmate A, an incarcerated individual with physical and mental disabilities.

35.     On March 17, 2016, DRNY notified DOCCS that pursuant to the P&A Acts it was investigating the death of Inmate A.

36.     DRNY requested access to the records of Inmate A as part of its investigation.

37.     On May 5, 2016, DRNY received records of Inmate A from DOCCS.

38.     The preliminary certificate of death had been requested by DRNY and was included with the provided records.

---

[1] DRNY refers to each inmate in this Complaint by pseudonym, with names and identification numbers for each pseudonym filed under seal upon leave of this Court.

39.     According to DOCCS, the autopsy was not yet available on May 5, 2016.

40.     On January 3, 2018, DRNY requested a copy of the final certificate of death and autopsy, in connection with its investigation into the death of Inmate A.

41.     On January 22, 2018, DOCCS advised DRNY to contact the "appropriate issuing authorities" for copies of the certificate of death and autopsy.

42.     On January 26, 2018, DRNY advised DOCCS that the January 22, 2018 response violated the P&A Acts because it failed to provide a legally justified reason for denying DRNY the requested documents. 42 C.F.R. § 51.43.

43.     DRNY further advised DOCCS that DRNY is entitled to "all records related to [Inmate A]" in connection with its investigation.

44.     On February 23, 2018, DRNY contacted DOCCS' Deputy Commissioner Kevin Bruen to advise him of the improper denial of DRNY's records request regarding Inmate A.

45.     DRNY further advised Mr. Bruen that if DOCCS was in possession of the requested records, they must be provided immediately.

46.     On March 13, 2018, DOCCS again advised DRNY to contact the "appropriate issuing authority" for the certificate of death and autopsy.

47.     In the March 13, 2018 response, DOCCS provided a new reason for denying the requested records and stated that DRNY must provide a Health Insurance Portability and Accountability Act ("HIPPA") authorization from the deceased inmate's estate.

48.     On May 17, 2018, DRNY advised DOCCS that "under the Protection and Advocacy Acts, DRNY has authority to access the records of a deceased person and is not required to obtain HIPPA authorization from an inmate's estate."

49.     On May 21, 2018, DOCCS again denied DRNY access to the requested records absent a HIPPA release from Inmate A's estate and directed DRNY to contact the appropriate issuing authorities for the requested records.

50.     The failure to provide the requested records within the regulatory time frame constitutes a denial under the P&A Acts.

### P&A Records Request Regarding DOCCS' Residential Treatment Facilities

51.     On March 28, 2018, DRNY informed DOCCS that they received complaints from inmates pertaining to their housing and status in DOCCS' Residential Treatment Facilities ("RTF").

52.     DRNY made a records request pursuant to the P&A Acts for the records regarding DOCCS' RTF.

53.     DRNY requested the records pursuant to DRNY's authority under PAIMI regulations 42 U.S.C. §§ 10805 (a) (4) and 10806, and the New York Executive Law § 558 (b) to investigate complaints received by the system.

54.     On March 28, 2018, DRNY requested DOCCS provide the cost of copies within seven business days and produce the documents within two business days upon receipt of payment.

55.     In the March 28, 2018 letter, DRNY also stated that if production would be delayed or denied, that DOCCS must promptly provide a written statement of the reasons for the delay or denial.

56.     On April 6, 2018, DRNY followed-up with DOCCS regarding the status of the March 28, 2018 P&A records request.

57.     On April 9, 2018 DRNY received a letter from DOCCS stating that DOCCS had consolidated DRNY's P&A records request with a Freedom of Information Law ("FOIL") request that DRNY submitted to DOCCS on March 9, 2018.

58.     On April 24, 2018, DRNY advised DOCCS that the P&A records request was made under the P&A Acts, therefore, the records should have been provided promptly.

59.     In the same email, DRNY advised DOCCS that the FOIL time frames do not apply to requests made under the P&A Acts.

60.     DOCCS did not respond to DRNY's email dated April 24, 2018.

61.     On May 11, 2018, DOCCS Records Access Officer provided the requested records in response to the FOIL request dated March 9, 2018.

62.     On May 17, 2018, DRNY followed up with DOCCS in regards to DRNY's email dated April 24, 2018.

63.     DOCCS responded on May 21, 2018, stating again that the P&A request had been consolidated with a FOIL request and that the documentation had been provided on May 11, 2018.

64.     The provided documentation did not contain all the requested records within DRNY's March 26, 2018 P&A request.

65.     DOCCS' failure to furnish all requested records pursuant to P&A authority within the requisite time frame constitutes a denial under the P&A Acts.

**P&A Records Request Regarding Inmate B**

66.     DRNY made a P&A request under the P&A Acts for records relating to Inmate B on March 9, 2018.

67.     DOCCS did not timely produce the records of Inmate B to DRNY.

68.     DOCCS' invoice to DRNY is dated March 19, 2018.

69.     DRNY did not receive DOCCS' invoice until March 26, 2018.

70.     DRNY made payment to DOCCS on April 3, 2018.

71.     DRNY received the records of Inmate B on May 8, 2018.

**P&A Records Request Regarding Inmate C**

72.     DRNY made a P&A request under the P&A Acts for records relating to Inmate C on February 20, 2018.

73.     DOCCS did not timely produce to DRNY the records of Inmate C.

74.     On March 9, 2018, DRNY resubmitted to DOCCS the same request DRNY made on February 20, 2018 for records of Inmate C.

75.     DOCCS' invoice to DRNY is dated March 15, 2018.

76.     DRNY did not receive DOCCS' invoice until March 26, 2018.

77.     DRNY made payment to DOCCS on April 3, 2018.

78.      DRNY received the records of Inmate C on April 12, 2018.

**P&A Records Request Regarding Inmate D**

79.     DRNY made a P&A request under the P&A Acts for records relating to Inmate D on March 13, 2018.

80.     DOCCS has not timely produce to DRNY the records of Inmate D.

81.     DRNY did not receive DOCCS' invoice until March 21, 2018.

82.     DRNY made payment to DOCCS on April 12, 2018.

83.     As of the date of this filing, DOCCS has not produced the records of Inmate D.

**P&A Records Request Regarding Inmate E**

84.     DRNY made a P&A request under the P&A Acts for records relating to Inmate E on March 14, 2018.

85. DOCCS did not timely produce to DRNY the records of Inmate E.

86. DOCCS' invoice for the records of Inmate E is dated March 26, 2018.

87. DRNY did not receive DOCCS' invoice until March 30, 2018.

88. DRNY made payment to DOCCS on April 12, 2018.

89. DRNY received the records of Inmate E on April 30, 2018.

90. DRNY made a second P&A request for records relating to Inmate E on June 11, 2018.

91. DOCCS did not timely produce to DRNY the records of Inmate E.

92. DOCCS' invoice for the second request of records is dated June 21, 2018.

93. The invoice DOCCS provided was not responsive to the records request.

94. DRNY did not receive DOCCS' invoice until July 5, 2018.

95. On July 16, 2018, DOCCS denied DRNY access to the requested records of Inmate E.

96. As of the date of this filing, DRNY has not received the records of Inmate E.

**P&A Records Request Regarding Inmate F**

97. DRNY made a P&A request under the P&A Acts for records relating to Inmate F on April 17, 2018.

98. DOCCS did not timely produce to DRNY the records of Inmate F.

99. DRNY received DOCCS' invoice on April 20, 2018.

100. DRNY made payment to DOCCS on April 20, 2018.

101. DRNY received the records of Inmate F on May 14, 2018.

**P&A Records Request Regarding Inmate G**

102.   DRNY made a P&A request under the P&A Acts for records relating to Inmate G made on April 18, 2018.

103.   DOCCS did not timely produce to DRNY the records of Inmate G.

104.   On May 10, 2018, DOCCS responded without an invoice for the records of Inmate G.

105.   DOCCS' letter is dated May 1, 2018.

106.   DRNY did not receive DOCCS' invoice until June 21, 2018.

107.   DRNY made payment to DOCCS on July 12, 2018.

108.   As of the date of this filing, DRNY has not received the records of Inmate G.

**P&A Records Request Regarding Inmate H**

109.   DRNY made a P&A request under the P&A Acts for records relating to Inmate H on April 18, 2018.

110.   DOCCS did not timely produce to DRNY the records of Inmate H.

111.   On May 10, 2018, DOCCS responded without an invoice for the records of Inmate H.

112.   DOCCS' letter is dated May 1, 2018.

113.   DRNY did not receive DOCCS' invoice until June 21, 2018.

114.   DRNY made payment to DOCCS on July 12, 2018.

115.   As of the date of this filing, DRNY has not received the records of Inmate H.

**P&A Records Request Regarding Inmate I**

116.   DRNY made a P&A request under the P&A Acts for records relating to Inmate I on April 18, 2018.

117.    DOCCS did not timely produce to DRNY the records of Inmate I.

118.    On May 10, 2018, DOCCS responded without an invoice for the records of Inmate I.

119.    DOCCS' letter is dated May 1, 2018.

120.    DRNY did not receive DOCCS' invoice until June 21, 2018.

121.    DRNY made payment to DOCCS on July 12, 2018.

122.    As of the date of this filing, DRNY has not received the records of Inmate I.

**P&A Records Request Regarding Inmate J**

123.    DRNY made a P&A request under the P&A Acts for records relating to Inmate J on April 18, 2018.

124.    DOCCS did not timely produce to DRNY the records of Inmate J.

125.    On May 10, 2018, DOCCS responded without an invoice for the records of Inmate J.

126.    DOCCS' letter is dated May 1, 2018.

127.    DRNY did not receive DOCCS' invoice until June 21, 2018.

128.    DRNY made payment to DOCCS on July 12, 2018.

129.    As of the date of this filing, DRNY has not received the records of Inmate J.

**P&A Records Request Regarding Inmate K**

130.    DRNY made a P&A request under the P&A Acts for records relating to Inmate K on April 20, 2018.

131.    DOCCS did not timely produce to DRNY the records of Inmate K.

132.    DRNY did not receive DOCCS' invoice until on May 9, 2018.

133.    DRNY made payment to DOCCS on July 12, 2018 for the records of Inmate K.

134.    DRNY received the records of Inmate K on July 24, 2018.

**P&A Records Request Regarding Inmate L**

135.    DRNY made a P&A request under the P&A Acts for records relating to Inmate L on April 20, 2018.

136.    DOCCS did not timely produce to DRNY the records of Inmate L.

137.    DRNY did not received DOCCS' invoice until June 14, 2018.

138.    DRNY made payment to DOCCS on July 9, 2018.

139.    DRNY received the records of Inmate L on July 17, 2018.

**P&A Records Request Regarding Inmate M**

140.    DRNY made a P&A request under the P&A Acts for records relating to Inmate M on April 20, 2018.

141.    DOCCS did not timely produce to DRNY the records of Inmate M.

142.    DRNY did not receive DOCCS' invoice until May 21, 2018.

143.    DRNY made payment to DOCCS on June 4, 2018.

144.    DRNY received the records of Inmate M on June 15, 2018.

**P&A Records Request Regarding Inmate N**

145.    DRNY made a P&A request under the P&A Acts for records relating to Inmate N made on April 20, 2018.

146.    DOCCS did not timely produce to DRNY the records of Inmate N.

147.    DRNY did not receive DOCCS' invoice until May 2, 2018.

148.    DRNY made payment to DOCCS on May 14, 2018.

149.    DRNY received the records of Inmate N on May 24, 2018.

**P&A Records Request Regarding Inmate O**

150.    DRNY made a P&A request under the P&A Acts for records relating to Inmate O on April 24, 2018.

151.    DOCCS did not timely produce to DRNY the records of Inmate O.

152.    DRNY did not receive DOCCS' invoice until May 9, 2018.

153.    DRNY made payment to DOCCS on May 21, 2018.

154.    As of the date of this filing, DRNY has not received the records of Inmate O.

**P&A Records Request Regarding Inmate P**

155.    DRNY made a P&A request under the P&A Acts for records relating to Inmate P on April 24, 2018.

156.    DOCCS did not timely produce to DRNY the records of Inmate P.

157.    DRNY did not receive DOCCS' invoice until May 7, 2018.

158.    DRNY made payment to DOCCS on May 21, 2018.

159.    As of the date of this filing, DRNY has not received the records of Inmate P.

**P&A Records Request Regarding Inmate Q**

160.    DRNY made a P&A request under the P&A Acts for records relating to Inmate Q on April 24, 2018.

161.    DOCCS did not timely produce to DRNY the records of Inmate Q.

162.    DRNY did not received DOCCS' invoice until May 21, 2018.

163.    DRNY made payment to DOCCS on June 4, 2018.

164.    As of the date of this filing, DRNY has not received the records of Inmate Q.

**P&A Records Request Regarding Inmate R**

165.    DRNY made a P&A request under the P&A Acts for records relating to Inmate R on May 2, 2018.

166.    DOCCS did not timely produce to DRNY the records of Inmate R.

167.    DRNY did not receive DOCCS' invoice until May 29, 2018.

168.    DOCCS' invoice is dated March 24, 2018.

169.    DRNY made payment to DOCCS on June 11, 2018.

170.    As of the date of this filing, DRNY has not received the records of Inmate R.

**P&A Records Request Regarding Inmate S**

171.    DRNY made a P&A request under the P&A Acts for records relating to Inmate S on May 22, 2018.

172.    DOCCS did not timely produce to DRNY the records of Inmate S.

173.    DRNY did not receive DOCCS' invoice until June 20, 2018.

174.    DOCCS' invoice is dated June 12, 2018.

175.    DRNY made payment to DOCCS on July 12, 2018.

176.    As of the date of this filing, DRNY has not received the records of Inmate S.

**P&A Records Request Regarding Inmate T**

177.    DRNY made a P&A request under the P&A Acts for records relating to Inmate T on May 23, 2018.

178.    DOCCS did not timely produce to DRNY the records of Inmate T.

179.    DRNY did not receive DOCCS' invoice until June 18, 2018.

180.    DOCCS' invoice is dated June 12, 2018.

181.    DRNY made payment to DOCCS on June 28, 2018.

182.     As of the date of this filing, DRNY has not received the records of Inmate T.

**P&A Records Request Regarding Inmate U**

183.     DRNY made a P&A request under the P&A Acts for records relating to Inmate U on June 11, 2018.

184.     DOCCS did not timely produce to DRNY the records of Inmate U.

185.     DRNY did not receive DOCCS' invoice until July 6, 2018.

186.     DOCCS' invoice is dated June 29, 2018.

187.     DRNY made payment to DOCCS on July 12, 2018.

188.     As of the date of this filing, DRNY has not received the records of Inmate U.

**P&A Records Request Regarding Inmate V**

189.     DRNY made a P&A request under the P&A Acts for records relating to Inmate V on June 11, 2018.

190.     DOCCS did not timely produce to DRNY the records of Inmate V.

191.     DRNY did not receive DOCCS' invoice until July 18, 2018.

192.     DOCCS' invoice is dated July 12, 2018.

193.     As of the date of this filing, DRNY has not received the records of Inmate V.

**P&A Records Request Regarding Inmate W**

194.     DRNY made a P&A request under the P&A Acts for records relating to Inmate W on June 14, 2018.

195.     DOCCS did not timely produce to DRNY the records of Inmate W.

196.     DRNY did not received DOCCS's invoice until July 9, 2018.

197.     DRNY made payment to DOCCS on July 12, 2018.

198.     DRNY received the records of Inmate W on July 26, 2018.

**P&A Records Request Regarding Inmate X**

199.     DRNY made a P&A request under the P&A Acts for records relating to Inmate X on June 14, 2018.

200.     DOCCS did not timely produce to DRNY the records of Inmate X.

201.     DRNY did not receive DOCCS' invoice until July 5, 2018.

202.     DRNY made payment to DOCCS on July 12, 2018.

203.     As of the date of this filing, DRNY has not received the records of Inmate X.

**P&A Records Request Regarding Inmate Y**

204.     DRNY made a P&A request under the P&A Acts for records relating to Inmate Y on June 18, 2018.

205.     DOCCS did not timely produce to DRNY the records of Inmate Y.

206.     DRNY did not receive DOCCS' invoice until August 3, 2018.

207.     DRNY made payment to DOCCS on August 13, 2018.

208.     As of the date of this filing, DRNY has not received the records of Inmate Y.

**P&A Records Request Regarding Inmate Z**

209.     DRNY made a P&A request under the P&A Acts for records relating to Inmate Z on June 18, 2018.

210.     DOCCS did not timely produce to DRNY the records of Inmate Z.

211.     DRNY has not received DOCCS' invoice for the records of Inmate Z.

212.     As of the date of this filing, DRNY has not received the records of Inmate Z.

**P&A Records Request Regarding Inmate AA**

213.     DRNY made a P&A request under the P&A Acts for records relating to Inmate AA on June 20, 2018.

214.     DOCCS did not timely produce to DRNY the records of Inmate AA.

215.     As of the date of this filing, DRNY has not received DOCCS' invoice for the records of Inmate AA.

216.     As of the date of this filing, DRNY has not received the records of Inmate AA.

**P&A Records Request Regarding Inmate BB**

217.     DRNY made a P&A request under the P&A Acts for records relating to Inmate BB on June 20, 2018.

218.     DOCCS did not timely produce to DRNY the records of Inmate BB.

219.     DRNY did not receive DOCCS' invoice until July 12, 2018.

220.     DRNY made payment to DOCCS on July 18, 2018.

221.     As of the date of this filing, DRNY has not received the records of Inmate BB.

**P&A Records Request Regarding Inmate CC**

222.     DRNY made a P&A request under the P&A Acts for records relating to Inmate CC on June 20, 2018.

223.     DOCCS did not timely produce to DRNY the records of Inmate CC.

224.     DRNY did not receive DOCCS' invoice until July 20, 2018.

225.     DRNY made payment to DOCCS on July 24, 2018.

226.     As of the date of this filing, DRNY has not received the records of Inmate CC.

**P&A Records Request Regarding Inmate DD**

227. DRNY made a P&A request under the P&A Acts for records relating to Inmate DD on June 22, 2018.

228. DOCCS did not timely produce to DRNY the records of Inmate DD.

229. As of the date of this filing, DRNY has not received DOCCS' invoice for the records of Inmate DD.

230. As of the date of this filing, DRNY has not received the records of Inmate DD.

**P&A Records Request Regarding Inmate EE**

231. DRNY made a P&A request under the P&A Acts for records relating to Inmate EE on June 22, 2018.

232. DOCCS did not timely produce to DRNY the records of Inmate EE.

233. DRNY did not receive DOCCS' invoice until July 20, 2018.

234. DRNY made payment to DOCCS on July 24, 2018.

235. As of the date of this filing, DRNY has not received the records of Inmate EE.

**P&A Records Request Regarding Inmate FF**

236. DRNY made a P&A request under the P&A Acts for records relating to Inmate FF on June 22, 2018.

237. DOCCS did not timely produce to DRNY the records of Inmate FF.

238. DRNY did not receive DOCCS' invoice until July 24, 2018.

239. DRNY made payment to DOCCS on August 3, 2018.

240. As of the date of this filing, DRNY has not received the records of Inmate FF.

**P&A Records Request Regarding Inmate GG**

241.    DRNY made a P&A request under the P&A Acts for records relating to Inmate GG on June 25, 2018.

242.    DOCCS did not timely produce to DRNY the records of Inmate GG.

243.    DRNY did not receive DOCCS' invoice until July 25, 2018.

244.    DRNY made payment to DOCCS on July 30, 2018.

245.    As of the date of this filing, DRNY has not received the records of GG.

**P&A Records Request Regarding Inmate HH**

246.    DRNY made a P&A request under the P&A Acts for records relating to Inmate HH on July 6, 2018.

247.    DOCCS did not timely produce to DRNY the records of Inmate HH.

248.    DRNY has not received DOCCS' invoice for the records of Inmate HH.

249.    As of the date of this filing, DRNY has not received DOCCS' invoice for the records of Inmate HH.

250.    As of the date of this filing, DRNY has not received the records of Inmate HH.

**P&A Records Requests Inmates A - HH**

251.    DRNY has provided DOCCS a reasonable timeframe beyond the time allotted in the DD Act, to produce the requested documents.

252.    DOCCS denied and continues to deny DRNY access to P&A requests pursuant to the statutory authority of the P&A Acts for requests made on behalf of Inmates A through HH. DOCCS violated and continues to violate DRNY's access authority when it fails to provide DRNY records requested pursuant to its P&A authority within timeframes set forth by statute, 42 U.S.C. § 15043 and 42 C.F.R. § 51.41(a), or within the timeframe DRNY extended as a courtesy in its

respective requests for records. 42 U.S.C. § 15043(a) and 45 C.F.R. § 1326.25; 42 U.S.C. § 10805(a) and 42 C.F.R. § 51.41; 29 U.S.C. § 794e(f)(2); and 29 U.S.C. § 3002(12)(A).

## FIRST CLAIM FOR RELIEF
### BASED ON VIOLATION OF THE DD ACT,
### IMPLEMENTING REGULATIONS AND
### 42 U.S.C. § 1983

253.    Plaintiff repeats and re-alleges each and every allegation above as fully set forth herein.

254.    Defendants' refusal to provide records to DRNY violates the DD Act and its implementing regulations. 42 U.S.C. § 15043(a) and 45 C.F.R. § 1326.25.

255.    Defendants have acted under color of state law to deprive DRNY of federal rights under the DD Act.

256.    Defendant' violation of the DD Act and its implementing regulations frustrates and interferes with DRNY's federal mandate to protect people with disabilities in New York State; investigate allegations of abuse and neglect; provide legal advocacy for people with disabilities; determine whether an investigation by DRNY should be conducted; and determine whether corrective action should be taken.

257.    DRNY is entitled to relief under 42 U.S.C. § 15043(a)(2)(i) and 42 U.S.C. § 1983.

258.    DRNY is entitled to recover its attorney fees, costs and expenses in this action pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF
### BASED ON VIOLATION OF THE PAIMI ACT,
### IMPLEMENTING REGULATIONS AND
### 42 U.S.C. § 1983

259.    Plaintiff repeats and re-alleges each and every allegation above as fully set forth herein.

260.    Defendants' refusal to promptly provide records to DRNY violates the PAIMI Act and its implementing regulations. 42 U.S.C. § 10805(a) and 42 C.F.R. § 51.41.

261.    Defendants have acted under color of state law to deprive DRNY of federal rights under the PAIMI Act.

262.    Defendants' violation of the PAIMI Act and its implementing regulations frustrates and interferes with DRNY's federal mandate to protect people with disabilities in New York State; investigate allegations of abuse and neglect; provide legal advocacy for people with disabilities; determine whether an investigation by DRNY should be conducted; and determine whether corrective action should be taken.

263.    DRNY is entitled to relief under 42 U.S.C. § 10805(a)(4)(A), 42 C.F.R. § 51.41(b)(1), and 42 U.S.C. § 1983.

264.    DRNY is entitled to recover its attorney fees, costs and expenses in this action pursuant to 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF
### BASED ON VIOLATION OF THE PAIR ACT,
### IMPLEMENTING REGULATIONS AND
### 42 U.S.C. § 1983

265.    Plaintiff repeats and re-alleges each and every allegation above as fully set forth herein.

266.    Defendants' refusal to promptly provide records to DRNY violates the PAIR Act and its implementing regulations. 29 U.S.C. § 794e(f)(2).

267.    Defendants have acted under color of state law to deprive DRNY of federal rights under the PAIR Act.

268.    Defendants' violation of the PAIR Act frustrates and interferes with DRNY's federal mandate to protect people with disabilities in New York State; investigate allegations of

abuse and neglect; provide legal advocacy for people with disabilities; determine whether an investigation by DRNY should be conducted; and determine whether corrective action should be taken.

269.    DRNY is entitled to relief under 29 U.S.C. § 794e(f)(2) and 42 U.S.C. § 1983.

270.    DRNY is entitled to recover its attorneys' fees, costs, and expense in this action pursuant to 42 U.S.C.  § 1988.

**FOURTH CLAIM FOR RELIEF**
**BASED ON VIOLATION OF THE PAAT ACT,**
**AND ITS IMPLEMENTING REGULATIONS**
**29  U.S.C. § 3002**

271.    Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

272.    Defendants' refusal to provide records as designated by law to DRNY violates the PAAT Act and its implementing regulations. 29 U.S.C.A. § 3002 et. seq.

273.    Defendant has acted under color of state law to deprive DRNY of federal rights under the PAAT Act. *Id.*

274.    Defendants' violation of the PAAT Act frustrates and interferes with DRNY's federal mandate to protect people with disabilities in New York State; investigate allegations of abuse and neglect; provide legal advocacy for people with disabilities; determine whether an investigation by DRNY should be conducted; and determine whether corrective action should be taken.

275.    DRNY is entitled to relief under 29 U.S.C. § 3001(12)(A) and 42 U.S.C. § 1983.

276.    DRNY is entitled to recover its attorneys' fees, costs, and expense in this action pursuant to 42 U.S.C. § 1988.

**RELIEF**

WHEREFORE, Plaintiff requests that this Court grant the following relief:

   a.   A declaratory judgment that Defendant has violated DRNY's rights under the

        DD Act, the PAIMI Act, the PAIR Act, the PAAT Act, and 42 U.S.C. § 1983;

   b.   A declaratory judgment that Defendant has an obligation to assure that the access

        rights granted to the Plaintiff by the P&A Acts are fully and uniformly

        implemented;

   c.   A permanent injunction ordering Defendant to provide timely and complete

        responses to all outstanding and future records requests made by DRNY pursuant

        to its federally mandated P&A authority;

   d.   An award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

        and,

   e.   Any further relief that the Court deems appropriate.

Dated: August 15, 2018

_Brandy L. L. Tomlinson_
_____
Brandy L. L. Tomlinson

DISABILITY RIGHTS NEW YORK
Brandy L. L. Tomlinson, Bar Roll # 519794
Christina Asbee
Betsy Sterling
Jennifer Monthie
44 Exchange Boulevard, Suite 110
Rochester, New York 14614
(518) 432-7861
(585) 348-9823 (fax) (not for service)

24