**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DISABILITY RIGHTS NEW YORK,

                            Plaintiff,

      v.                                     1:18-CV-980
                                                   (GTS/CFH)
NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, ANTHONY J. ANNUCCI,

                            Defendants.

---

**APPEARANCES:**                        **OF COUNSEL:**

Disability Rights New York        BRANDY L.L. TOMINSON, ESQ.
44 Exchange Boulevard, Ste. 110  CHRISTINA ABSEE, ESQ.
Rochester, New York 14614
Attorneys for plaintiff

New York State Attorney General  BRIAN W. MATULA, ESQ.
The Capitol
Albany, New York 12224
Attorneys for defendants

**CHRISTIAN F. HUMMEL**
**UNITED STATES MAGISTRATE JUDGE**

## MEMORANDUM-DECISION & ORDER

    Pending before the Court is defendants New York State Department of Corrections and Community Supervision ("DOCCS") and Anthony J. Annucci's motion to compel plaintiff Disability Rights New York ("DRNY") to respond to its first set of interrogatories[1] and document demands. See Dkt. No. 71. Plaintiff opposed. See Dkt.

---

[1] Interrogatories 1, 2, 3, 4, 5, 6, 7. 8, 12, 13, 14 and demands 1, 2, 4, 5, 6, 7, 8, 10, 11, 12. See generally Dkt. No. 71-1.

No. 72.  For the following reasons, defendants' motion is granted in part and denied in part.

## I. Background[2]

Plaintiff commenced this action on August 15, 2018.  See Dkt. No. 1.  On October 19, 2018, in lieu of an answer, defendants filed a motion for summary judgment.  See Dkt. No. 15.  On December 14, 2018, plaintiff opposed and cross moved for summary judgment.  See Dkt. No. 25.  On January 15, 2019, defendants filed their reply and opposition to plaintiff's cross motion for summary judgment.  See Dkt. No. 31.  On September 24, 2019, as relevant here, the Court granted in part and denied in part defendants' motion for summary judgment and denied plaintiff's cross motion for summary judgment.  See Dkt. No. 41.  On March 2, 2020, defendants filed a second motion for summary judgment.  See Dkt. No. 59.  Plaintiff opposed the motion and moved for reconsideration of the Court's denial of plaintiff's motion for summary judgment as it related to "its interpretation of the [DD Act] and [PAIR Act] and relevant regulations to correct the misinterpretation of the statute and regulation and prevent manifest injustice."  Dkt. No. 60.  Defendants replied and opposed plaintiff's motion for reconsideration.  See Dkt. No. 61.  On March 30, 2020, the United States of America filed a statement of interest.  See Dkt. No. 62.  On April 1, 2020, defendants responded to the United States' statement of interest.  See Dkt. No. 63.  On November 4, 2020, the Court (1) granted plaintiff's motion for reconsideration in part; and (2) granted defendants' second motion for summary judgment in part, dismissing all claims against

---

[2]  Familiarity with the claims underlying the complaint is presumed in this Memorandum-Decision & Order.

defendant Annucci except for plaintiff's claims under the PAIMI Act, DD Act, and PAIR Act as to the inmates specified on page 94 of the Court's September 24, 2019, Decision & Order.  See Dkt. No. 73.

## II.  Legal Standard

Rule 26(b)(1) states, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .  Information within this scope of discovery need not be admissible in evidence in order to be discoverable." FED. R. CIV. P. 26(b)(1). "Under Rule 37, following a good-faith effort to meet and confer, upon to all parties notice, "a party may move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a).  "Motions to compel made pursuant to Rule 37 are 'entrusted to the sound discretion of the district court.'"  Harris v. Bronx Parent Hous. Network, Inc., No. 18-CV-11681, 2020 WL 763740, at *1 (S.D.N.Y. Feb. 14, 2020) (quoting United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000)).

## III.  Arguments[3]

In its motion to compel, defendants seek the Court to compel plaintiff to respond to discovery demands and interrogatories relating, generally, to: (1) inmates' medical and mental health conditions, (2) whether defendants were "clients" of plaintiff, and (3) complaints plaintiff received relating to allegations of abuse or neglect.  See Dkt. No. 71-1.  More specifically, defendants contend that for plaintiff to meet its burden of

---

[3]  The Court's citation to parties' submissions is to the pagination generated by the Court's electronic filing system located at the header of each page, not the individual pagination of each document.

3

demonstrating that defendant violated the Developmental Disabilities Assistance and Rights Act of 2000 ("DD Act"), Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), and Protection and Advocacy of Individual Rights Act ("PAIR Act") (collectively "P&A Acts"), it "will need to establish that the inmate, whose records are at issue in each request, fit[s] within the protection of one or more of the statutes."  Dkt. No. 71-1 at 4.  Defendants argue that plaintiff must also demonstrate "that they were entitled to the records sought" as "each of these statutes have very particularized circumstances where access to records is permitted."  Id.  Defendants further state, "[t]he Court's prior Decision and Order in this case did not relieve Plaintiff of its obligations to prove each of the elements of its claims at trial.  In fact, Plaintiff's cross motion for summary judgment was denied in its entirety."  Id. at 4-5.  Defendants note that, at the time they filed their initial summary judgment motion, there had been no discovery, and "[a]t no point in this case did this Court ever consider proof of the inmates' underlying medical condition, the factual basis for Plaintiff's assertion of the client relationship and whether or not there were complaints of abuse or neglect which would trigger an obligation to respond under one of the asserted Acts."  Id. at 5.  Because of this, defendants argue that "the facts establishing the particularized elements of each statute, as applied to each inmate and record request, is very much still a valid subject of discovery and 'not beyond the scope of the remaining issues in this case.'"  Id.  Defendants also object to plaintiff's "vague claims to attorney-client and work-product privileges without any log to identify what documents it is purporting to withhold so that Defendants can meaningfully determine whether the privileges apply."  Id.

Plaintiff argues that, in reviewing defendants' first motion for summary judgment, this Court decided – and rejected – the claims they raise in their motion to compel. See Dkt. No. 72 at 4.  Alternatively, plaintiff contends that even the Court deems these issues discoverable, the Court should deny the motion to compel because discovery is closed and defendants failed to demonstrate good cause for their delay in seeking discovery regarding "client of the system and disability status of the inmates." Id. at 7-8. Plaintiff provides that defendants filed the motion to compel "five months after Plaintiff attempted to resolve this issue, and only a few short days before the scheduling order ended all discovery[,]" making their request "untimely and without good cause for the delay." Id. at 8.  Plaintiff further accuses defendants of "engag[ing] in a pattern of failing to meet the discovery deadlines required by the FRCP, and its Motion to Compel is an attempt to further delay discovery to make up for lack of diligence." Id.  Next, plaintiff argues that the information sought cannot be disclosed as the P&A Acts prohibit plaintiff "from disclosing and re-disclosing confidential information and records that it has received pursuant to its access under federal law." Id. at 9.  Plaintiff opines that disclosing the information sought to defendants "infringes on the very purpose of the P&A system and will have a chilling effect if Plaintiff is forced to reveal the identity of complainants[,]" which it argues as "no bearing on the remaining triable issues in this case." Id.

## IV.  Discussion

### A.  Relevant Procedural History

5

In its September 24, 2019, 94-page Decision & Order, as relevant here, the Court held, "[w]hen making a request for access, a P&A system is not required to expressly include a showing of the developmental disability or mental illness of the individual whose records are sought[,]" and "imposing such a threshold requirement would appear inconsistent with the purposes of the P&A statutes." Dkt. No. 41 at 57 (citing Protection & Advocacy for Persons with Disabilities v. Armstrong, 266 F. Supp. 2d 303, 314 (D. Conn. 2003); Kentucky Prot. & Advocacy Div. v. Hall, 01-CV-0538, 2001 WL 34792531, at *2 (W.D. Ken. 2001). The Court observed that "several courts to consider this issue have held that 'evidence that a facility has previously housed individuals who are mentally ill, as well as evidence that some current residents may be mentally ill is sufficient under PAIMI to merit access by [a P&A system]." Id. (quoting Armstrong, 266 F. Supp. 2d at 314). The Court extended this rationale to the DD Act and PAIR Act after noting the "similar framework shared by the three P&A statutes." Id. Applying this logic, the Court observed that defendants did not dispute the fact that the record shows that DOCCS "houses at least some individuals with developmental disabilities and/or mental illness" and that defendants "cited no legal authority to support their contention that Plaintiff was required to include a specific assertion or information about each inmate's developmental disability or mental illness in its record requests." Id. Thus, the Court concluded, "in the absence of evidence that any of the inmates' status has been misrepresented, Plaintiff is not required to identify an inmate's developmental disability or mental illness in its requests pursuant to the P&A Acts." Id. at 57-58.

Next, the Court rejected defendants' argument that plaintiff's failure to identify explicitly all inmates as "clients" in its letter requests means that it was not entitled to

6

those inmates' records.  Dkt. No. 41 at 58.  The Court noted that plaintiff included authorizations for all living inmates allowing plaintiff to access their records, and defendants had "not offered any facts that would give the Court any reason to doubt the authenticity of those signed authorization forms" nor "cited any legal authority to support its contention that Plaintiff was obligated, as a threshold matter, to specifically identify each inmate as its client in the record requests to be entitled to access to those inmates' records." Id. at 58.  The Court continued, stating that defendants "have not suggested how Plaintiff would demonstrate, to Defendants' satisfaction, that the inmates whose records were being requested were actually 'clients' of the P&A system" as the term "is not defined in either the P&A statutes or the regulations." Id. at 59.  Noting that "one of the commonly understood definitions of 'client' is a person who is served by a social agency" and that the inmates authorized plaintiff to access the records, the Court concluded that defendants failed to demonstrate a material question of fact regarding whether plaintiff "was acting under the proper authority to request the inmates' records" or "that there is any legal requirement for Plaintiff to explicitly state in its request that the inmate in question is its client in order for the request to be proper." Id. at 59.  Thus, the Court concluded that plaintiff "had adequately identified each inmate as a 'client' in its record requests in this proceeding." Id. at 60.

## B.  Analysis

Although defendants briefly acknowledge plaintiff's arguments surrounding the Court's holding, they conclusorily argue that the Court's conclusions that plaintiff need not prove disability status or client of the system "did not relieve Plaintiff of its

obligations to prove each of the elements of its claims at trial" and note that plaintiff's "cross motion for summary judgment was denied in its entirety." Dkt. No. 71-1 at 4-5. As discussed, the Court concluded that P&A Acts do not require proof of disability before the P&A system can access inmate records. See Dkt. No. 41 at 57-58 ("[p]laintiff is not required to identify an inmate's developmental disability or mental illness in its requests pursuant to the P&A Acts."). Noting that it was clear from the record before the Court that DOCCS "houses at least some individuals with developmental disabilities and/or mental illness," the Court found that defendants failed to provide "legal authority to support their contention that Plaintiff was required to include a specific assertion or information about each inmate's developmental disability or mental illness in its record requests." Id. The Court explicitly concluded that "[p]laintiff is not required to identify an inmate's developmental disability or mental illness in its requests pursuant to the P&A Acts." Id. at 57-58. Defendants do not explain how the Court's September 24, 2019, holding opens the door for discovery on issues the Court determined need not be shown under the P&A Acts. In moving to compel, defendants have not provided any new "legal authority" or arguments different from what was presented – and rejected – to the Court on summary judgment. Defendants have shown no "evidence that any of the inmates' status has been misrepresented." Id. at 57.

Similarly, as to the issue whether plaintiff adequately identified the inmates as "clients" in its requests, the Court also clearly concluded that plaintiff satisfied its duties under the P&A Acts, noting that defendant failed to provide "any legal authority to support its contention that Plaintiff was obligated . . . to specifically identify each inmate as its client in the record requests to be entitled to access to those inmates' records."

Dkt. No. 41 at 58. Defendants have not provided any "legal authority" in their motion to compel, and again present the same arguments as put before the Court on the motion for summary judgment. See Dkt. Nos. 15-1, 71-1.

Insofar as defendants note that no discovery had occurred at the time it filed its initial summary judgment, as plaintiff notes, in deciding the motion for summary judgment, the Court reviewed extensive exhibits and appropriately assessed the relevant statutes and case law in making the relevant holdings. See Dkt. No. 71-1 at 5. That defendant moved for summary judgment at a pre-discovery stage of the litigation was a strategic choice and does not require this Court to direct discovery on these matters when it has already concluded that, for the most part, the statues do not require plaintiff to prove the very matters on which defendants contend they need discovery.

Defendants are essentially seeking reconsideration of that portion of the Court's September 24, 2019, Decision & Order, something they did not seek within the required timeframe. As defendants' motion to compel seeks discovery regarding inmate disability status and "client of the system" – matters that this Court has already concluded is either not required in order for a P&A system to request information or has been adequately proven – the Court finds that they have failed to meet their burden of demonstrating that requested discovery is relevant. Accordingly, defendants' motion to compel is denied insofar as it seeks the Court to compel plaintiff to respond to interrogatories and discovery demands relating to the disability status of inmates and "client of the system."

Insofar as defendants seek discovery responses and interrogatories relating to complaints of abuse and neglect, the Court finds differently. Plaintiff argues that

"information and records regarding Plaintiff's probable cause determination is not subject to discovery as the P&A is the final arbiter of a probable cause determination and as such, its determination is not subject to any type of review by DOCCS." Dkt. No. 72 at 10 (citing Disability Rights Ohio, 375 F. Supp. 3d 873, 883-87 (S.D. Ohio 2019)).

This Court addressed the question – but did not decide – whether a P&A system is required to demonstrate that probable cause exists when requesting such records. See Dkt. No. 41 at 70-71.  The Court noted that "some courts have limited attempts to show that a P&A system lacked probable cause to commence such an investigation." Id. (citing Armstrong, 266 F. Supp.2d at 321).  The Court further noted that it "respectfully views with a suspicious eye the notion that the government possesses the authority to confer on a private entity the right to evade judicial review of the entity's probable cause determinations," but "reject[ed] as unsupported Defendants' belief that Plaintiff lacked probable cause to request the information in question, or that such a lack of probable cause warranted Defendants' failure to provide the requested information, under the circumstances." Id. at 71.

Here, although the Court rejected as "unsupported" defendants' argument regarding lack of probable cause, it did not explicitly conclude that the P&A statutes did not allow for proof of probable cause – indeed, it expressed some hesitation in response to a cited case that concluded as such.  See Dkt. No. 41 at 71.  Although the Court notes that it referred to a few cases in different jurisdictions that have accepted this holding, it does not appear that this District has touched on this question yet.  See id. at 71, n.4 (citing Armstrong, 266 F. Supp. 2d at 321; Arizona Ctr. For Disability Law v. Allen, 197 F.R. 689, 693 (D. Ariz. 2000); Matter of Disability Rights Idaho Request for

Ada Cnty. Coroner Records Relating to the Death of D.T., 168 F. Supp. 3d 1282, 1297 (D. Id. 2016)).  As defendants correctly note, plaintiff's complaint alleges that it sought records pursuant to its authority under, among other statutes, 42 U.S.C. § 10806(a)(4), which, as relevant here, relates to records of someone for whom a complaint has been received by the system or for which there is probable cause to believe was a victim of abuse or neglect.  See Dkt. No. 71-1 at 19-20.  With respect to interrogatories 8, 12, 13, and 14 and discovery demands 11 and 12 – which all relate to complaints of abuse and neglect – defendants have demonstrated that these requests are relevant and relate to matters that have not already been decided by the Court.  As discovery could potentially provide defendants with the support this Court found lacking on their pre-discovery motion for summary judgment, and in response to the motion to compel, plaintiff has not conclusively demonstrated that defendants are unequivocally unentitled to discovery relating to the probable cause question, such discovery will be permitted.

  Insofar as plaintiff argues that any of these records are protected by attorney-client privilege, work-product privilege, or through the P&A Acts themselves, dkt. no. 72 at 9-11, plaintiff must produce these documents with appropriate redactions, along with a privilege log that provides a detailed response as to why the relevant responsive materials may fall within these privileges or protections.  In instances where redaction is not practicable, a detailed privilege log entry explaining why these documents are privileged and detailing why the documents could not be made available with redactions or a protective order is required.  Plaintiff is to provide to defendants any materials responsive to interrogatories 7, 12, 13, and 14, and discovery demands 11 and 12 and

privilege log within forty-five days of the filing date of this Memorandum-Decision & Order.

### V.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that defendants' motion to compel, dkt. no. 71, is **GRANTED IN PART**:

Within 45-days from the filing date of this Memorandum-Decision & Order, plaintiff is to turn over to defendants all responses and/or documents responsive to interrogatories 8, 12, 13, and 14 and document demands 11 and 12.  To the extent plaintiff believes anything to be protected by a privilege(s), plaintiff must either redact the documents and provide a detailed privilege log or, where documents cannot be redacted, a privilege log that explains why the privilege(s) and/or protection(s) applies and why the document(s) could not be disclosed with appropriate redactions and/or a protective order;  and it is further

**ORDERED**, that the Motion to Compel, dkt. no. 71, is **DENIED** in all other respects.

**IT IS SO ORDERED**.

Dated: August 16, 2021
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge