UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DISABILITY RIGHTS NEW YORK,

        Plaintiff

  v.

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, AND ANTHONY J. ANNUCCI, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision,

        Defendants.

**MEMORANDUM OF LAW IN REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SECOND SUMMARY JUDGMENT AND IN OPPOSITION TO DEENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Case No. 1:18-cv-980 (GTS-CFH)

---

DISABILITY RIGHTS NEW YORK
Brandy L. L. Tomlinson, Bar Roll No. 519794
Christina Asbee
Jennifer Monthie
44 Exchange Boulevard, Suite 110
Rochester, New York 14614
(518) 432-7861
(585) 348-9823 (fax) (not for service)

**TABLE OF CONTENTS**

I.  ARGUMENT ................................................................................................................ 1

    POINT I: DRNY'S P&A ACTS CLAIMS ARE NOT MOOT…………………………...1

    POINT II: THE NEW YORK STATE P&A RECORDS ACCESS LAW DOES NOT MOOT DRNY'S RIGHT TO ACCESS RECORDS UNDER THE FEDERAL P&A ACTS …………………………………………………………………………………..3

    POINT III: DRNY IS ENTITLED TO A PERMANENT INJUNCTION ........................4

    POINT IV: DRNY IS ENTITLED TO DECLARATORY RELIEF …………………….6

    POINT V: THE NIXON CASE IS IRRELEVANT BECAUSE THIS IS NOT A FIRST AMENDMENT CASE……………………………………………………………....8

II. CONCLUSION …………………………………………………………………………9

Plaintiff Disability Rights New York ("DRNY") respectfully submits this Memorandum of Law in Reply to Defendants' Response to Plaintiff's Second Motion for Summary Judgment and in Opposition to Defendants' Cross-Motion for Summary Judgment. For the reasons set forth in DRNY's moving papers and as set forth herein, it is respectfully requested that this Court grant DRNY's Second Motion for Summary Judgment in its entirety and deny DOCCS' Cross-Motion for Summary Judgment.

I.   ARGUMENT

POINT I

**DRNY'S P&A ACTS CLAIMS ARE NOT MOOT**

DRNY's claims based upon violation of the P&A Acts are not moot. DOCCS violates the P&A Acts by refusing to comply with the timelines prescribed by the P&A Acts for the records of A, D, L, O, P, Q, S, T, W, X, Y, Z, AA, BB, CC, DD, EE, FF, HH and DOCCS' RTF.

It is DOCCS' heavy burden, when asserting mootness on the basis of voluntary cessation, to demonstrate that it has rejected its prior legal position and will not violate the P&A Acts going forward. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Producing the records of Y and BB and asserting new defenses for failing to timely turn over the records of A and DOCCS' RTF, after DRNY filed its Second Motion for Summary Judgment, does not meet the "formidable" burden of mootness. *Seidemann v. Bowen*, 499 F.3d 119, 128 (2d Cir. 2007) (*citation omitted*). In fact, voluntary cessation does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed. *Am. Council of Blind of New York, Inc. v. City of New York*, 495 F. Supp. 3d 211, 247 (S.D.N.Y. 2020). DOCCS does not make "absolutely clear that

1

the allegedly wrongful behavior could not reasonably be expected to recur." *Id. quoting United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968).

The ongoing nature of this conflict cannot be resolved absent relief from this Court that prevents DOCCS from imposing future harm on DRNY by obstructing access to requested records. DRNY was forced to file two related cases subsequent to the instant lawsuit. *DRNY v. DOCCS*, 1:20-cv-01487 ("*DRNY II*") and *DRNY v. DOCCS*, 1:21-cv-00739 ("*DRNY III*"). DRNY will be forced to file countless future lawsuits related to records access if this Court permits DOCCS to maintain its position that federal law does not require the agency to turn copies of requested records over to DRNY absent physical inspection. Therefore, DOCCS failed to meet its heavy burden that its wrongful behavior will not occur, and the case is not moot.

Far from rejecting its prior legal positions, DOCCS in its opposition and cross-motion attempt to assert new facts and legal positions that serve as the basis for withholding the records of A, Y, BB and DOCCS' RTF and violate the P&A Acts. First, DOCCS did not inform DRNY that they were not in possession of the requested records of A. Dkt. 100-17 at 13. Rather, DOCCS' Counsel in its interrogatory response informed DRNY that they had not received the records of A due to the COVID-19 pandemic:

> "The records of Inmate A have not yet been provided to counsel for DOCCS. There are currently significant delays in the transmission of records from storage as the result of reduced staffing and increased inmate litigation resulting from the current COVID pandemic. As soon as these documents are available, a supplemental response to this Interrogatory indicating whether such documents were received by DOCCS and if so, the dates of receipt, will be provided."

Plaintiff Bates 258.  DOCCS also informed DRNY: "DRNY's request for the updated death certificate and autopsy report was forwarded to DOCCS's Counsel's Office for review and response. No DOCCS staff members were involved in retrieving or reviewing the records of Inmate A in response to this request." Plaintiff Bates 259. DOCCS offered no evidence that these

records were not in its possession. Any assertion that Counsel for DOCCS was not in possession of the records is of no legal consequence.

DOCCS also failed to show that by turning over Y and BB's records prior to filing its opposition to DRNY's Second Motion for Summary Judgment, DOCCS has "completely and irrevocably eradicated the effects of the alleged violation." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010) *quoting Campbell v. Greisberger*, 80 F.3d 703, 706 (2d Cir. 1996). DRNY remains harmed despite DOCCS turning over the records. DRNY waited years to obtain Y and BB's records –a delay that prevented DRNY's ability to investigate and advocate for individuals in DOCCS' facilities. DRNY has been forced to use its limited resources litigating this case, and two related cases. *DRNY II* and *DRNY III*. Turning over records nearly four years after DRNY filed the instant lawsuit does not suddenly eradicate this harm.

DOCCS failed to offer any evidence to meet its high burden for mootness and instead continues to hold on to its faulty understanding of DRNY's federal access authority prescribed in the P&A Acts and Access Regulations.

POINT II

**THE NEW YORK STATE P&A RECORDS ACCESS LAW DOES NOT MOOT DRNY'S RIGHT TO ACCESS RECORDS UNDER THE FEDERAL P&A ACTS**

The New York State ("NYS") P&A Records Access law does not render DRNY's right to access records under the federal P&A Acts moot. This case is about DRNY's rights under federal law to access copies of records. That a new state law now provides DRNY access to records does not negate its right to access records under the P&A Acts. In fact, the P&A Acts specifically contemplate states passing laws consistent with the P&A Acts. 45 C.F.R. § 1326.21(f). A service provider must produce records requested pursuant to federal law and in accordance with any state law that expands that right. *Id.* DOCCS' continued assertion that the

3

P&A Acts do not require it to (1) produce copies of records upon a written request, and (2) within the timelines prescribed by the P&A Acts is the basis for DRNY's claims. Therefore, this legal dispute is not moot.

## POINT III
## DRNY IS ENTITLED TO A PERMANENT INJUNCTION

It is undisputed that DOCCS will not produce copies of records pursuant to the P&A Acts until DRNY conducts a physical inspection of the records. Dkt. 100-17 at 29. ("To the extent that DRNY argues that it is entitled to obtain copies of records by written request without first having access to those records …DRNY'S arguments are both mistaken and beside the point."). The undisputed factual records also demonstrates that DOCCS will not produce copies of records with the timeframes prescribed by the P&A Acts and Access Regulations. *Id*. DOCCS' promise to comply with a related state law is simply not enough because DRNY seeks to enforce its authority to seek records under federal law.

Fed. Rule Civ. Pro. 65(d)(1) requires that an injunctive order: "(a) state the reasons why it is being issued; (b) state its terms specifically; and (c) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." A Rule 65(d) injunction "must be more specific than a simple command that the defendant obey the law." *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir.1996). "To comply with the specificity and clarity requirements, an injunction must be specific and definite enough to apprise those within its scope of the conduct that is being proscribed[,]" so that the relief sought is "more specific than a simple command that the defendant obey the law." *S.C. Johnson & Son, Inc*. v. *Clorox Co.*, 241 F.3d 232, 240–41 (2d Cir. 2001) (*internal quotations omitted*); *see also Rowe* v. *New York State Div. of the Budget*, No. 1:11-CV-1150 LEK/DRH, 2012 WL 4092856, at *7

4

(N.D.N.Y. Sept. 17, 2012); *see also New York* v. *Shinnecock Indian Nation*, 560 F. Supp. 2d 186, 189 (E.D.N.Y. 2008).

To avoid even more unnecessary litigation, a permanent injunctive order is needed to enjoin DOCCS from (1) delaying the production of copies of records until DRNY conducts an in-person inspection; and (2) denying copies of records within the timelines prescribed by the P&A Acts or provide a legally permissible reason for the delay.  DRNY's need for the requested prospective relief is neither vague nor does it simply order DOCCS to "obey the law." *Capstone Logistics Holdings, Inc. v. Navarrete*, 838 F. App'x 588, 590 (2d Cir. 2020) (Holding that to comply with the specificity and clarity requirements of Rule 65(d), the four corners of the injunctive relief order must make it possible to ascertain precisely what acts are forbidden.); see also *Iowa Prot. & Advoc. Servs., Inc. v. Gerard Treatment Programs, L.L.C.*, 152 F. Supp. 2d 1150, 1178 (N.D. Iowa 2001) (Finding specific injunctive relief was necessary for the Iowa P&A to fulfill its mandates.).

Contrary to DOCCS' assertions, this Court's Decision and Order on Defendants' First Motion for Summary Judgment ("Order") does not bar the relief DRNY seeks. Dkt. 41. At the time this Court issued its Order on prospective relief, it did not have the undisputed factual record it has before it today. Specifically the two related lawsuits, *DRNY II* and *DRNY III*, and two admissions by DOCCS that it does not intend to comply with the P&A Acts and Access Regulations, did not exist and cannot now be overlooked. Dkt. 100-17 at 29 and *DRNY II*, Dkt. 56-4 at 16.

Moreover, this Court has already enjoined through permanent injunction a different New York State agency from violating the P&A Acts.  *Disability Rts. New York* v. *Wise*, 171 F. Supp.

3d 54 (N.D.N.Y. 2016). In *Wise*, this Court issued the following Text Order for permanent injunctive relief:

> "TEXT ORDER: IT IS ORDERED AND ADJUDGED, that for the reasons stated by Disability Rights New York (DRNY), (Dkt. No. 31, Attach. 1; Dkt. No. 40), and the legal conclusions made by the court in its prior decision, (Dkt. No. 24), DRNY is entitled to summary judgment on all claims. Specifically, the New York State Justice Center for the Protection of People with Special Needs (Justice Center) violated the Developmental Disabilities Assistance and Bill of Rights Act of 2000 and the Protection and Advocacy for Individuals with Mental Illness Act of 1986 by redacting information from records provided to DRNY, (Dkt. No. 31, Attach. 1 at 8- 9; Dkt. No. 40 at 5; Dkt. No. 24 at 12-13, 16-17), withholding records relied upon in conducting investigations. (Dkt. No. 31 Attach. 1 at 9-11; Dkt. No. 40 at 2-4; Dkt. No. 24 at 13, 18-20), and failing to timely comply with disclosure obligations (Dkt. No. 31, Attach 1 at 11-12; Dkt. No. 24 at 9). Additionally, because the Justice Center's conduct deprived DRNY of its federal right to promptly access unredacted records in order to pursue its mandate, (Dkt. No. 24 at 20), DRNY is entitled to summary judgment on its 42 U.S.C. § 1983 claim, (Dkt. No. 31, Attach. 1 at 12-13.) accordingly, DRNY's motion, (Dkt. No. 31), is GRANTED and defendants' cross motion, (Dkt. No. 39), is DENIED. *Defendants are permanently enjoined from: (1) redacting any information from any record provided to DRNY and (2) withholding any relevant records reviewed or relied upon in conducting its investigations, regardless of whether such investigations are ongoing or have resulted in a finalized report.* DRNY will maintain the confidentiality of all records pursuant to 45 C.F.R. § 1326.28 and 42 C.F.R. § 51.45, in accordance with the Text Only Order and Order issued by Judge Gary L. Sharpe on February 28 and April 17, 2018, respectively."  NDNY Docket No. 1:15-cv-32, ECF No. 46.

Similar to the Court's understanding that led to the permanent injunctive relief in *Wise*, DRNY will be continuously harmed unless and until this Court corrects DOCCS' misinterpretation of federal law through necessary permanent injunctive relief.

## POINT IV

## DRNY IS ENTITLED TO DECLARATORY RELIEF

6

The undisputed factual record demonstrates that DOCCS has an ongoing practice of withholding and delaying access to copies of records until DRNY conducts an onsite physical inspection in violation of federal law. Dkt. 100-17 at 29 and *DRNY II*, Dkt. 56-4 at 16. Declaratory relief is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Continental Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734 (2d Cir. 1992) (*citing Broadview Chem. Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir. 1969)).

DOCCS has repeatedly denied access to copies of records and delayed producing records pursuant to DRNY's written requests based upon its interpretation of federal law. Dkt. 1, *DRNY II*, Dkt. 1 and *DRNY III*, Dkt. 1. DOCCS does not concede it must comply with the requirements of the federal P&A Acts and has not abandoned its position requiring DRNY to physically inspect before it will provide copies of requested records. Dkt. 100-17 at 29 and *DRNY II*, Dkt. 56-4 at 16. Moreover, since this Court issued its Order on September 24, 2019, DRNY has filed two related cases against DOCCS challenging its on-going practice delaying or denying copies of records made pursuant to the P&A Acts. *DRNY II* and *DRNY III*. This demonstrates the ongoing nature of the violation, and the obvious need for declaratory relief to clarify the law at issue here. *Continental Cas. Co.* at 734. Accordingly, an on-going violation of the P&A Acts exists and declaratory relief is required on this legal issue.

This Court's prior Order on prospective relief does not bar an order for prospective relief under the Eleventh Amendment. Dkt. 41 at 93. Through the doctrine of *Ex Parte Young*, "a claim for prospective declaratory relief is available in order to stop ongoing violations of federal law." *Coal. to Defend Affirmative Action* v. *Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012);

7

*Cardenas* v. *Anzai*, 311 F.3d 929, 935 (9th Cir. 2002). A court "need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.' " *Verizon Maryland, Inc.* v. *Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 296, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997) (O'Connor, J., concurring in part and concurring in judgment)). *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255–56, 131 S. Ct. 1632, 1639, 179 L. Ed. 2d 675 (2011). A straightforward inquiry demonstrates that DRNY sought "declaratory judgment that Defendant has an obligation to assure that the access rights granted to the Plaintiff by the P&A Acts are fully and uniformly implemented" and a "permanent injunction ordering Defendant to provide timely and complete responses to all outstanding and future records requests made by DRNY pursuant to its federally mandated P&A authority[.]" Dkt. 1 at 24.  Despite the many obstacles DOCCS has presented through this lawsuit, the declaratory relief is no less applicable and the injunctive relief is no less necessary.

In light of DOCCS' on-going practice of withholding copies of records until DRNY conducts an onsite physical inspection and refusal to produce timely copies of records, DRNY is entitled to a declaratory judgment that will prevent further harm to DRNY.

## POINT V

### THE *NIXON* CASE IS IRRELEVANT BECAUSE THIS IS NOT A FIRST AMENDMENT CASE

DRNY is exercising its federal statutory right to obtain records solely pursuant to specific Congressional authorization to DRNY as the P&A system, and not pursuant to the First Amendment.  Therefore, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978) has no application to this matter.

8

*Warner* is fundamentally different from this matter because the broadcasting company in *Warner* did not have any statutory right to obtain copies of records it sought. DRNY has a statutory right to the records. 42 U.S.C. §§ 15043 and 10805; 45 C.F.R. § 1326.25; 42 C.F.R. § 51.41. Therefore, *Warner* does not apply.

## II.     CONCLUSION

For all the foregoing reasons and for the reasons set forth in its motion papers (Dkt. 54), DRNY respectfully asks this Court to enter summary judgment in DRNY's favor and deny Defendants' cross-motion for summary judgment.

Dated:  July 13, 2022                              Respectfully submitted,

/s/ Brandy L. L. Tomlinson

DISABILITY RIGHTS NEW YORK
Brandy L. L. Tomlinson, Bar Roll # 519794
Christina Asbee
Jennifer Monthie
44 Exchange Boulevard, Suite 110
Rochester, New York 14614
(518) 432-7861
(585) 348-9823 (fax) (not for service)