UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DISABILITY RIGHTS NEW YORK,

                       Plaintiff,

v.

NEW YORK STATE DEP'T OF CORR. AND     1:18-CV-0980
CMTY. SUPERVISION; and ANTHONY J.      (GTS/CFH)
ANNUCCI, in his official capacity as the Acting
Comm'r of the New York State Dep't of Corr.
and Cmty. Supervision,

                       Defendants.
_____

APPEARANCES:                                 OF COUNSEL:

DISABILITY RIGHTS NEW YORK          BRANDY L. L. TOMLINSON, ESQ.
  Counsel for Plaintiff
44 Exchange Boulevard, Suite 110
Rochester, New York 14614

DISABILITY RIGHTS NEW YORK          CHRISTINA ASBEE, ESQ.
  Counsel for Plaintiff                     JENNIFER J. MONTHIE, ESQ.
279 Troy-Schenectady Rd, Suite 9, #236
Rensselaer, New York 12144

HON. LETITIA A. JAMES               AMANDA K. KURYLUK, ESQ.
Attorney General for the State of New York   SHANNAN C. KRASNOKUTSKI, ESQ.
  Counsel for Defendants                Assistant Attorneys General
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

     Currently before the Court, in this civil rights action filed by Disability Rights New York

("Plaintiff") against the New York State Department of Corrections and Community Supervision ("DOCCS") and its Acting Commissioner, Anthony Annucci (collectively, "Defendants"), is Plaintiff's motion for $357,523.90 in attorneys' fees, expenses and costs pursuant to 42 U.S.C. § 1988. (Dkt. No. 110.) For the reasons set forth below, Plaintiff's motion is denied.

I.  GOVERNING LEGAL STANDARD

Rule 54(d) of the Federal Rules of Civil Procedure confers on federal courts the ability to award attorney's fees to the prevailing party when directed by federal statute or the civil rules. Fed. R. Civ. P. 54(d). Pursuant to 42 U.S.C. § 1988, "[i]n any action or proceeding to enforce a provision of [42 U.S.C. § 1983] …, the court, in its discretion, may allow the prevailing party … a reasonable attorneys' fee as part of the costs." "Under Section 1988, there is a two-part test for determining whether a party is entitled to receive reasonable attorneys' fees." *Hines v. City of Albany*, 06-CV-1517, 2014 WL 12613275, at *2 (N.D.N.Y. June 5, 2014) (Suddaby, C.J.).

First, the party seeking attorneys' fees must be a "prevailing party." A party is considered a "prevailing party" if it "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (internal quotation marks omitted). As a result, "a plaintiff [must] receive at least some relief on the merits of his claim before he can be said to prevail ...." *Farrar*, 506 U.S. at 109 (internal quotation marks and citation omitted). "[A] party who litigates to judgment and loses on all of his claims can[not] ... be a prevailing party." *Id*. at 109-110 (internal quotation marks omitted). "[T]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Id*. at 110 (internal quotation marks omitted). "To be considered a prevailing party within the meaning of § 1988, ... the plaintiff must be able to point to a

resolution of the dispute which changes the legal relationship between itself and the defendant." *Id*. at 110 (internal quotation marks omitted).

Second, assuming determination of "prevailing party" status, "the party seeking attorneys' fees must prove that his requested fee is 'reasonable.'" *Hines*, 2014 WL 12613275, at *2 (quoting *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996)). In determining whether the moving party has satisfied its burden, the court must calculate a "presumptively reasonable fee." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011). Traditionally, courts have determined a "reasonable attorneys' fee" by calculating the lodestar–the product of the number of hours required by the matter and a reasonable hourly rate. *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011), *superseded on other grounds as recognized in Acker v. Gen. Motors*, L.L.C., 853 F.3d 784, 790 (5th Cir. 2017) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553, 130 S. Ct. 1662, 1673 (2010)); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008). A reasonable hourly rate is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively."[1] *Bergerson*, 652 F.3d at

---

[1] To determine a reasonable hourly rate, courts additionally use the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorneys' customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 186, n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-179 (5th Cir. 1974), *abrogated on other grounds by*

289-290 (internal citations and quotation marks omitted). The court must refer to the "prevailing [market rates] in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Farbotko v. Clinton Cnty. of N.Y.*, 433 F.3d 204, 208 (2d Cir. 2005) (quoting *Blum v. Stevenson*, 465 U.S. 886, 895, n. 11, 104 S. Ct. 1541 (1984)). A determination of the reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel[, which] may, of course, include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko*, 433 F.3d at 209.

The reasonable amount of time spent on a matter depends in part on the degree of difficulty of the factual and legal issues involved. *Hofler v. Family of Woodstock, Inc.*, 07-CV-1055, 2012 WL 527668, at *5 (N.D.N.Y. Feb. 17, 2012) (McAvoy, J.). Courts may reduce from the lodestar calculation hours that are "excessive, redundant, or otherwise unnecessary" and consequently are not reasonable. *Hofler*, 2012 WL 527668, at *5 (*citing Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). In considering the number of reasonably expended hours, the court "has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Hensley*, 461 U.S. at 434; *see also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *N.Y. Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)). The court should also consider "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

---

*Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989)).

Because Plaintiff here seeks its attorneys' fees, it "bear[s] the burden of documenting the hours reasonably expended and the reasonable hourly rates." *Zhou v. State Univ. of N.Y. Inst. of Tech.*, 08-CV-0444, 2014 WL 7346035, at *3 (N.D.N.Y. Dec. 23, 2014) (Suddaby, C.J.) (citing *Hensley*, 461 U.S. at 437). To demonstrate that a fee request is reasonable, "a party seeking an attorneys' fees award 'must support that request with contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done.'" *Kingvision Pay-Per-View, Ltd. v. Castillo Rest. Corp.*, 06-CV-0617, 2007 WL 841804, at *6 (E.D.N.Y. Jan. 16, 2007) (quoting *Cablevision Sys. N.Y.C. Corp. v. Diaz*, 01-CV-4340, 2002 WL 31045855, at *5 (S.D.N.Y. July 10, 2002)).

**II.   ANALYSIS**

After carefully considering the matter, the Court denies Plaintiff's motion for each of the alternative reasons stated in Defendants' opposition memorandum of law. (Dkt. No. 112, at 7-14.)[2]

As a threshold matter, as Defendants argue, Plaintiff is not "the prevailing party" in this action. (*Id*. at 7-10.) Rather than prevail on any claim at any stage of this litigation, Plaintiff lost both of its motions for summary judgment (each of which was denied in its entirety) as well as each of Defendants' three motions for summary judgment (each of which resulted in the dismissal of some of Plaintiff's claims, and the third of which resulted in the dismissal of the remainder of Plaintiff's Complaint). (*Id*. at 7.) Indeed, the only way that Plaintiff can even coherently argue that it achieved the status of "the prevailing party" is by mischaracterizing both

---

[2] The Court notes that page citations in this Decision and Order refer to the screen numbers on the Court's Case Management / Electronic Case Filing ("CM/ECF") System, not to the page numbers stated on the documents contained therein.

the issues in the case and the case's factual outcome.  (*Id*. at 7-10.)  Finally, given that Plaintiff neither sought nor received any form of interim relief in this matter, at no point in the litigation did Plaintiff otherwise secure any form of relief on the merits that materially altered the legal relationship between the parties.  (*Id*. at 10.)

In any event, as Defendants alternatively argue, the attorneys' fees, expenses and costs that Plaintiff requests are not fair and reasonable.  (*Id*. at 10-14.)  Unlike the issues presented in the cases labeled "*DRNY II*" and "*DRNY III*," the issues presented in this case were neither novel nor complex, but were both discrete and resolved on summary judgment without the need for oral argument or testimony.  (*Id*. at 10.)  Moreover, there was no conduct by Defendants that forced Plaintiff to use its resources to litigate the case (mostly by litigating already-determined issues) instead of simply complying with the request-for-copies procedure recommended by the Court early on.  (*Id*. at 10-11.)  In addition, the hours billed are excessive, they focus on frivolous or already-determined issues, and/or were spent on clerical and secretarial services.  (*Id*. at 11-13.)  Finally, the hourly rates requested by Plaintiff's counsel are excessive based on their years of experience.   (*Id*. at 13-14.)

To the above-stated reasons, the Court adds the following analysis.  The Court's Decision and Order of November 4, 2020, which partially granted Plaintiff's motion for reconsideration, cannot be reasonably deemed to have either provided Plaintiff with actual relief on the merits or materially altered the relationship between Plaintiff and Defendants (in favor of Plaintiff).  (Dkt. No. 73.)  This is because, in addition to expressly "not affect[ing] the ultimate disposition of Defendants' first motion for summary judgment," the Court's express "clarifications" regarding the procedure for requesting future copies of records had no impact on the ultimate disposition of

6

the case itself, which turned on Defendants' rather constant provision of physical access to, and inevitable production of copies of, records (despite Plaintiff's unreasonable demands).  (*Id*. at 19; *cf.* Dkt. No. 112, at 10, n.5.)

Nonetheless, in its reply, Plaintiff incorrectly claims as a victory the Court's recommended three-condition request-for-copies procedure.  (Dkt. No. 115, at 2-5.)  Setting aside Plaintiff's prior resistence to either the sufficient-description or prior-payment conditions, Plaintiff wholly disregards the limiting effect of (and implicit cooperation required by) the in-the-presence-of-the-records-custodian condition: if the records do not happen to be in the records custodian's presence at the time of request and payment, no duty to copy exists.  Simply stated, rather than receive a victory, Plaintiff received merely a ruling establishing a cooperative procedure which it had never sought, and of which it never subsequently availed itself.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for attorneys' fees, expenses and costs pursuant to 42 U.S.C. § 1988 (Dkt. No. 110) is **DENIED**.

Dated: August 28, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge